IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDELL LAWARN MALONE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 3:19-CV-624-LSC-SRW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Before the court is federal inmate Randell Lawarn Malone's "Request of Appeal Bond." Doc. 17. However, Malone's case is not on appeal. Instead, he has a motion under 28 U.S.C. § 2255 pending in this court, through which he challenges a conviction and sentence imposed by this court in July 2018. Doc. 1. Therefore, the court will treat the instant motion (Doc. 17) as one seeking release on bond pending a final decision on Malone's § 2255 motion.

## Background

On March 2, 2018, Malone pled guilty under a plea agreement to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 3:15-CR-24-LSC-SRW. On June 21, 2018, the district court sentenced Malone to 120 months in prison. Malone appealed, arguing that his sentence was unreasonable. On May 17, 2019, the Eleventh Circuit Court of Appeals issued an opinion dismissing Malone's appeal on the ground that Malone knowingly and voluntarily waived the right to appeal his sentence in his plea agreement. *See* Doc. 7-11.

On August 16, 2019, Malone filed a § 2255 motion in this court alleging claims of ineffective assistance of counsel and error in his sentencing. Doc. 1. In July 2020, Malone amended his § 2255 motion to present additional claims, including a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Docs. 15, 16. Malone's § 2255 motion, as amended, is pending in this court.

### **Motion for Release on Bond (Doc. 17)**

Through his instant motion (Doc. 17), Malone seeks release on bond pending a final decision on his § 2255 motion. As grounds for release on bond, Malone states only, "I am currently serving a 120 month sentence for an illegal and unconstitutional sentence that renders me innocent." Doc. 17 at 1.

Although district courts have the inherent power to place § 2255 petitioners on bail, *Fernandez v. United States*, 2017 WL 6597535, at *13 (S.D. Fla. Mar. 3, 2017), citing *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978), "[t]his power should be exercised very sparingly because '[a] defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal,' and due to the interest in the finality of criminal proceedings." *Fernandez*, 2017 WL 6597535, at *13, quoting *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

"To obtain release pending habeas review, the petitioner must overcome a 'formidable barrier.' *Wilson v. Sec'y, Dep't of Corr.*, 2016 WL 10891523, at *2 (M.D. Fla. Dec. 15, 2016), citing *In re Roe*, 257 F.3d 1077 at 1080–81 (9th Cir. 2001); *Glynn v.*

*Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). Release on bail is not favored in habeas proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981). Consequently, petitioners are rarely granted release on bail pending disposition of their petitions. *Martin v. Solem*, 801 F.2d 234, 329 (8th Cir. 1986).

"To qualify for release, the petitioner must show (1) the presence of special circumstances in his case and (2) a clear and readily evident entitlement to relief on the merits of his habeas claims; making his application 'exceptional and deserving of special treatment in the interest of justice.'" *Wilson*, 2016 WL 10891523, at *3, citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Martin*, 801 F.2d at 329. *See also Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) ("Bail should be granted to a . . . prisoner pending post-conviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary circumstances exist which make the grant of bail necessary to make the habeas remedy effective.").

Title 18 U.S.C. § 3143(b)(1) is the federal statute governing applications for release on bond pending an appeal or a petition for writ of certiorari. Under that statute, a defendant may be placed on bail pending an appeal or certiorari petition where the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community . . . ; and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served

3

plus the expected duration of the appeal process[.]" 18 U.S.C. § 3143(b)(1)(A), (B). Although § 3143 governs applications for release on bond pending appeal and is not directly applicable to petitioners seeking release on bond, courts have held that a habeas petitioner "should not be granted bail if he cannot even satisfy the requirements of [§ 3143]." *Fernandez*, 2017 WL 6597535, at *13, citing *Cherek*, 767 F.2d at 337.

Here, Malone's conclusory assertion that he is serving "an illegal and unconstitutional sentence that renders me innocent" fails to satisfy the requirements of 18 U.S.C. § 3143(b)(1). Malone's unsupported assertion does not raise a "substantial question" of law or fact likely to result in a reversal, an order for a new trial, or a reduced sentence and also fails to show he is not a flight risk. Malone makes an even weaker case for release under the more stringent standard for release pending resolution of a § 2255 proceeding. His conclusory assertion fails to demonstrate exceptional circumstances necessitating his release, and he has not established a clear and readily evident entitlement to relief on the merits of his § 2255 claims making his request for release exceptional and deserving of special treatment. *See Wilson*, 2016 WL 10891523, at *3; *Calley*, 496 F.2d at 702.

Accordingly, it is ORDERED that Malone's motion for release on bond pending a final decision by this court on his § 2255 motion (Doc. 17) is DENIED.

DONE, on this the 14th day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge