IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RANDELL LAWARN MALONE,       )
                             )
        Petitioner,          )
                             )          Civil Action No.
v.                           )          3:19cv624-LSC-SRW
                             )              (WO)
UNITED STATES OF AMERICA,    )
                             )
        Respondent.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Randell Lawarn Malone's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge recommends that Malone's § 2255 motion be denied without an evidentiary hearing and that this action be dismissed with prejudice.

## I.      BACKGROUND

On March 2, 2018, Malone pled guilty under a plea agreement to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] Doc. 7-7. Malone's presentence investigation report ("PSR"), which was prepared using the 2016 Guidelines Manual, calculated a base offense level of 20 because his offense of conviction was committed after he sustained a felony conviction for a crime of violence. Doc. 7-12 at 7, ¶

---

[1] References to document numbers of the pleadings, motions, and other materials in the Court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." Pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

[2] The plea agreement contained an appeal/§ 2255 motion waiver with a carve-out for claims of ineffective assistance of counsel and prosecutorial misconduct. It also allowed Malone to appeal any finding by the district court that he had more than nine criminal history points. Doc. 7-6 at 9–10.

21. Four levels were added to that base offense level because Malone possessed a firearm and ammunition in connection with another felony offense. *Id.*, ¶ 22. The PSR calculated a criminal history score of 10 points, yielding a criminal history category of V. *Id.* at 14, ¶¶ 47–48. The PSR calculated an advisory guideline range of 70 to 87 months. *Id.* at 24, ¶ 86. After a sentencing hearing on June 21, 2018, the district court imposed an above-the-guidelines sentence of 120 months in prison. Doc. 7-8.

Malone appealed, arguing that his sentence was procedurally and substantively unreasonable.[3] Doc. 7-10. On May 17, 2019, the Eleventh Circuit issued an opinion dismissing Malone's appeal, finding that Malone had knowingly and voluntarily waived the right to appeal his sentence in his plea agreement and that the arguments he raised on appeal fell within the scope of his plea agreement. *United States v. Malone*, 770 F. App'x 559 (11th Cir. 2019).

On August 16, 2019, Malone, acting pro se, filed this § 2255 motion asserting the following claims:

1.   The PSR improperly calculated his criminal history points, and his trial counsel was ineffective for failing to object to the district court's adoption of the PSR's calculation.

2.   Use of the 2016 Guidelines Manual at his sentencing violated the Ex Post Facto Clause, and his trial counsel was ineffective for failing to object on this ground.

3.   His trial counsel was ineffective for failing to explain to him how, under the terms of his plea agreement, certain issues were not appealable.

---

[3] Malone argued that the district court failed to consider properly the sentencing factors under 18 U.S.C. § 3553(a), failed to explain adequately the sentence imposed, and gave undue weight to his criminal history. Doc. 7-10.

4.      The traffic stop of the car in which he was a passenger, and where the
firearm was found, was unlawful.

Doc. 1 at 4–8.

In July 2020, Malone filed amendments to his § 2255 motion rearguing the claims
in his original motion and presenting arguments for one new claim: that his conviction and
sentence are invalid in light of the Supreme Court's decision in *Rehaif v. United States*,
139 S. Ct. 2191 (2019). Docs. 15, 16.

## II.      LEGAL STANDARD

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are
limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1)
violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)
exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.
*See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th
Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional
rights and for that narrow compass of other injury that could not have been raised in direct
appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United
States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a
prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall
discharge the prisoner or resentence him or grant a new trial or correct the sentence as may
appear appropriate." 28 U.S.C. § 2255(b). The petitioner, not the government, bears the
burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United
States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

## III.      DISCUSSION

A.      **Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to

whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland,* 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

## 1.    *PSR's Calculation of Criminal History Points*

Malone claims that the PSR improperly calculated his criminal history points and that his trial counsel was ineffective for failing to object to the district court's adoption of the PSR's calculation.[4] Doc. 1 at 1, 5.

---

[4] Malone presents this as both a substantive claim ("Ground Two") and an ineffective assistance claim (as part of "Ground One") in his § 2255 motion. The claims are considered together in this recommendation, as assessment of the substantive claim determines the outcome of the ineffective assistance claim.

According to Malone, the PSR, in calculating his criminal history, improperly counted as separate convictions his 2012 conviction in the Russell County Circuit Court for theft of property in the third degree and his 2011 conviction in the Phenix City Municipal Court for attempting to elude. Doc. 1 at 5; Doc. 1-1 at 3. The PSR assigned Malone two criminal history points for each of these convictions. Doc. 7-12 at 12, ¶¶ 41–42. Malone argues that the PSR should have treated the two convictions together as a single conviction because he was arrested for the two offenses on the same day. Doc. 1 at 5. He says that if the two convictions had not been counted separately, his overall criminal history category would have been IV instead of V, resulting in a lower guidelines range and lower sentence. Doc. 1-1 at 3.

In calculating a defendant's criminal history points, the Sentencing Guidelines provide:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G § 4A1.2(a)(2).

Malone's PSR reflects that although Malone was arrested for theft of property and attempting to elude on the same day, September 17, 2011, the charges for the two crimes involved separate criminal offenses. Malone was arrested for attempting to elude police on September 17, 2011, when he refused to stop his vehicle during a traffic stop. Doc. 7-12 at 12, ¶ 41. The charges underlying his conviction for theft of property were already pending

6

on that date and arose from conduct that occurred in November 2009. *Id*., ¶ 42. The charges for the two offenses were not set forth in the same charging instrument, and the sentences for the two offenses were not imposed on the same day.[5] *Id*. at ¶¶ 41–42. Thus, under U.S.S.G § 4A1.2(a)(2), Malone's convictions for theft of property and for attempting to elude were properly counted separately in the PSR. And because Malone was sentenced to over 60 days for each conviction, the PSR properly assigned two criminal history points to each conviction. *See* U.S.S.G § 4A1.1(b).

Because Malone's underlying substantive claim here is meritless, he fails to sustain his claim that his trial counsel was ineffective for failing to object to the district court's adoption of the PSR's calculation of his criminal history points. "Failing to make a meritless objection does not constitute deficient performance." *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (counsel cannot be ineffective for failing to argue a meritless claim).

Even if Malone showed that the PSR improperly calculated his criminal history points—and he clearly does not—he can show no reasonable probability that his sentence would have been different had his trial counsel objected to the district court's adoption of the PSR's calculation. "[I]t is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (citing *United States v. Williams*, 431 F.3d 767, 773 (11th Cir.2005) (Carnes, J., concurring)). "'[P]ointless

---

[5] Malone pled guilty to the attempting to elude charge on September 20, 2011, and was sentenced to six months in custody. Doc. 7-12 at 12, ¶ 41. He pled guilty to the theft of property charge on February 24, 2012, and was sentenced to 12 months in custody. *Id*., ¶ 42.

reversals and unnecessary do-overs of sentence proceedings' can be avoided if district courts faced with disputed guidelines issues state that the guidelines advice that results from decision of those issues does not matter to the sentence imposed after the § 3553(a) factors are considered." *Id*. Here, the district court sentenced Malone to 120 months' imprisonment, which was an upward variance from the PSR's calculated advisory guideline range of 70 to 87 months. At the sentencing hearing, the district court, in overruling another objection to the PSR's guidelines range calculation, stated that even had it granted Malone's objection to the calculated guidelines range, and even if sustaining the objection would have changed the advisory guidelines range, the court's ultimate sentence would not have changed. Specifically, the district court stated:

> I will also note that it will make no difference in the sentence that I give the defendant in this particular case, because I believe the sentence will be the same regardless of the calculation of the guideline.
>
> If, for instance, I had affirmed the objection and changed the guideline range, I would also find that the guidelines do not come close to demonstrating the history and characteristics of this defendant and his past propensity to use violence and firearms and the particular facts of this case. So either way, whether it's through the overruling of the objection and the guideline range or not, would not make no difference to my sentence because I believe the guidelines understate this conduct.

Doc. 7-8 at 4–5.

Considering these statements by the district court, Malone can establish no reasonable probability that his sentence would have been different had his trial counsel argued that the PSR improperly calculated his criminal history points. The district court clearly stated on the record that it believed the guidelines understated Malone's conduct and that its ultimate sentencing determination would not change regardless of the PSR's guidelines calculations.

8

## 2. *Alleged Ex Post Facto Violation*

Malone claims that use of the 2016 Guidelines Manual at his sentencing violated the U.S. Constitution's Ex Post Facto Clause and that his trial counsel was ineffective for failing to object on this ground.[6] Doc. 1 at 1, 6–7.

As a general rule, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1). *See Peugh v. United States*, 569 U.S. 530, 542–44 (2013) (holding that the Ex Post Facto Clause is violated when a defendant is sentenced under a version of the guidelines promulgated after she committed her crime if the newer version of the guidelines yields a higher sentencing range). *See also United States v. Williams*, 762 F. App'x 645, 646 (11th Cir. 2019) ("District courts must use the guidelines in effect on the date that the defendant is sentenced, unless doing so causes an ex post facto violation.").

Malone's instant offense took place in February 2014. His sentencing took place in June 2018. The 2016 Guidelines Manual was used in calculating his sentence.[7] *See* Doc. 7-12 at 7, ¶ 20. Malone complains that he was assigned a base offense level of 20, pursuant to § U.S.S.G 2K2.1(a)(4)(A) in the 2016 Guidelines Manual, because he committed his

---

[6] Malone presents this as both a substantive claim ("Ground Three") and an ineffective assistance claim (as part of "Ground One") in his § 2255 motion. The claims are considered together here.

[7] The 2016 Guidelines Manual took effect on November 1, 2016, and remained in effect through October 31, 2018. The 2018 Guidelines Manual took effect on November 1, 2018.

9

instant offense after he sustained a felony conviction for a crime of violence, specifically, possession of a machine gun. According to Malone, possession of a machine gun is not considered a crime of violence under the 2014 Guidelines Manual and had the 2014 Guidelines Manual been used in calculating his sentence, U.S.S.G § 2K2.1 would have called for a base offense level lower than the level 20 assigned to him in the PSR and adopted by the district court. Doc. 1 at 1, 6–7; Doc. 1-1 at 3–4. Thus, Malone argues that use of the 2016 Guidelines Manual in his case violated the Ex Post Facto Clause. As explained below, however, there was no ex post facto violation in Malone's case.

Section 2K2.1(a)(4)(A) in the 2016 Guidelines Manual provides that the base offense level for a defendant convicted of a § 922(g) firearm offense is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence[.]" U.S.S.G. § 2K2.1(a)(4)(A) (2016). "Crime of violence" for purposes of this guideline "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." *See* U.S.S.G. § 2K2.1, cmt. n.1 (2016). Section 4B1.2(a)(2) provides that "unlawful possession of a firearm described in 26 U.S.C. § 5845(a)" is a "crime of violence." U.S.S.G. § 4B1.2(a)(2) (2016). Machine guns are included among the firearms described in 26 U.S.C. § 5845. *See* 26 U.S.C. § 5845(a)(6). Malone had a previous conviction for possession of a machine gun.[8] Thus, the 2016

---

[8] In 2007, Malone was convicted in Georgia for unlawful possession of firearms or weapons. Doc. 7-12 at 7, ¶ 21; *id* at 10, ¶ 36. The firearm at issue in that case was a fully automatic M-2 .30 caliber carbine. *Id.* It is not disputed that the weapon met the definition of a machine gun set out in 26 U.S.C. § 5845(b), which provides that "[t]he term 'machine gun' means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." Doc. 7-13 at 2–3.

Guidelines Manual called for his base offense level to be 20, which was the level found in his PSR and adopted by the district court.

The same result would have obtained for Malone under the 2014 Guidelines Manual. Section 2K2.1(a)(4)(A) in the 2014 Guidelines Manual, like the same guideline in the 2016 version, provides that the base offense level for a defendant convicted of a § 922(g) firearm offense is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence[.]" U.S.S.G. § 2K2.1(a)(4)(A) (2014). Likewise, "crime of violence" for purposes of this guideline "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." § 2K2.1, cmt. n.1. *See* U.S.S.G. § 2K2.1, cmt. n.1 (2014). Application Note 1 of the Commentary to § 4B1.2 in the 2014 Guidelines Manual provides that "unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence." U.S.S.G. § 4B1.2, cmt. n.1 (2014). Thus, the 2014 Guidelines Manual, like the 2016 Guidelines Manual, would have called for Malone's base offense level to be 20. Use of the 2016 Guidelines Manual— i.e., the guidelines in effect on the date Malone was sentenced—did not cause an ex post facto violation.

Because Malone's underlying ex post facto claim is meritless, he cannot prevail on his claim that his trial counsel was ineffective for failing to argue that use of the 2016 Guidelines Manual was an ex post facto violation. His counsel's failure to make a meritless argument did not constitute deficient performance and did not prejudice him. Therefore, Malone is entitled to no relief on these claims. *Denson*, 804 F.3d at 1342; *Winfield*, 960 F.2d at 974.

11

Further, as with Malone's previous claims, Malone can establish no reasonable probability that his sentence would have been different had his trial counsel argued that use of the 2016 Guidelines Manual violated the Ex Post Facto Clause. As previously noted, the district court clearly stated on the record at sentencing that it believed the guidelines understated Malone's conduct and that its ultimate sentencing determination would not change regardless of the PSR's guidelines calculations.

### 3.    *Explanation of Plea Agreement and Appealable Issues*

Malone claims that his trial counsel was ineffective for failing to explain to him how, under the terms of his plea agreement, certain issues were not appealable. Doc. 1 at 1.

Malone alleges that his counsel initially told him he would be able to raise "three issues" on appeal, and that only after his appeal was filed did counsel inform him he could not raise those issues. Doc. 1 at 1. Malone does not clearly identify the three issues he wished to raise on appeal, but it appears he may be referring to his above-discussed claims about the PSR's calculation of his criminal history points and using the 2016 Guidelines Manual at his sentencing and his claim (discussed below) that the traffic stop of the car in which he was a passenger, and where the firearm was found, was unlawful.

The written plea agreement contained a provision under which Malone waived his right to appeal his sentence, with an exception for challenging a finding by the district court that he had more than nine criminal history points, or to challenge his conviction and sentence in a § 2255 motion, except to raise claims of ineffective assistance of counsel and prosecutorial misconduct. Doc. 7-6 at 9–10. At the change of plea hearing, Malone affirmed under oath that he had discussed the plea agreement with his counsel, that he

understand its terms, and that no one had made any assurances to him not contained in the plea agreement to persuade him to accept the agreement. Doc. 7-7 at 4–5. Malone also affirmed that he understood the district court could reject the recommendations made in the plea agreement without permitting him to withdraw his plea, that he understood the maximum punishment for the offense to which he was pleading guilty was 10 years' imprisonment, and that he understood the sentence ultimately imposed by the court could differ from any estimate given by his attorney. *Id*. at 5–8.

At the change of plea hearing, the government informed the magistrate judge that the plea agreement contained a standard appeal waiver, except to the extent that Malone had specifically reserved the right to appeal any finding by the district court that he had more than nine criminal history points. Doc. 7-7 at 8–9. Malone affirmed to the magistrate judge that he understood he had the right to appeal his sentence only "under some circumstances," *id*. at 9, after which the magistrate judge advised Malone:

> And you understand that by entering into this plea agreement and entering a plea of guilty, you will have, to the extent I'm about to explain, waived or given up the right to appeal or collaterally attack all or part of this sentence . . . .  And do you understand that you did reserve the right to appeal any finding by the district court of responsibility for criminal . . . history points in excess of nine? . . .  But otherwise, you are completely giving up the right to appeal or in any way to attack the sentence imposed on you. Do you understand? . . .  And I should note that the other exceptions to that that you could raise are ineffective assistance of counsel, prosecutorial misconduct, or if the government appeals, you would then be free to appeal. But other than these exceptions, you are completely giving up the right to appeal or in any way to attack the sentence imposed on you, except for that—the exception for the criminal history points noted.

Doc. 7-7 at 9–10. Malone affirmed to the magistrate judge that he understood all these matters. *Id*.

Addressing Malone's present claim in an affidavit filed with the Court, Malone's trial counsel states:

> Counsel reviewed the details of Mr. Malone's plea agreement several times during face to face meetings. . . . Mr. Malone's previous [counsel] negotiated a plea agreement that was withdrawn because Mr. Malone's criminal history was not as expected. When Counsel [met] with Mr. Malone, his only concern was making sure his criminal history was correct. Counsel negotiated with the Government to reserve the issue regarding his criminal history for appeal. No other issues were discussed prior to entering the plea agreement. Counsel met with Mr. Malone after sentencing to discuss the sentence that was imposed and his appeal rights. At that time, we discussed the unreasonableness of his sentence. The issue of an unlawful stop was not raised until after notice of appeal was filed. I informed Mr. Malone that the issue was not reserved for appeal.

Doc. 4 at 2–3.

Trial counsel's affidavit affirmatively refutes Malone's allegation that counsel failed to explain to him how, under the terms of his plea agreement, certain issues were not appealable. Malone offers nothing to call counsel's affidavit into question. Moreover, as the Eleventh Circuit has stated, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Malone presents nothing showing that his affirmations that he understood his circumstances at the change of plea hearing were false. In those affirmations, he acknowledged that he understood the issues he could and could not appeal under his plea agreement. His present claim that he was misadvised by counsel or unaware that certain issues were not appealable is "affirmatively contradicted by the record." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).

14

The *Strickland* standard for claims of ineffective assistance of counsel applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, courts will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Malone fails even to allege that, had his counsel explained to him which issues were appealable under his plea agreement, he would not have pled guilty and would instead have insisted on a trial.

Finally, Malone fails to show a reasonable likelihood of success on any of the claims he suggests he wanted to raise on appeal. As discussed above, his claim that the PSR improperly calculated his criminal history points is meritless, as is his claim that use of the 2016 Guidelines Manual at his sentencing violated the Ex Post Facto Clause. Likewise, there is no merit to his claim that the traffic stop of the car in which he was a passenger, and where the firearm was found, was unlawful. As to this last claim, a suppression hearing was conducted in November 2016, after which the magistrate judge issued a detailed report and recommendation finding that law enforcement officers had reasonable suspicion justifying the traffic stop. Doc. 7-4. Specifically, the magistrate judge found that the officer who conducted the traffic stop had reasonable suspicion, based on his specialized training

and experience, to believe that the driver of the vehicle had just dropped someone off to commit a burglary. *Id.* at 6. The magistrate judge also found that the officer provided specific, articulable facts to support this suspicion. *Id*. Malone pleads no facts challenging these findings, and he offers nothing to show that the traffic stop was unlawful. Consequently, he demonstrates no reasonable likelihood that he might have successfully challenged the traffic stop on appeal.

For the reasons discussed above, Malone is entitled to no relief on his claim that his counsel was ineffective for failing to explain to him that certain issues were not appealable under his plea agreement.

## B.     Traffic Stop

Malone asserts a stand-alone claim that the traffic stop of the car in which he was a passenger, and where the firearm was found, was unlawful. Doc. 1 at 8.

Generally, if an available claim is not advanced on direct appeal, it is deemed procedurally defaulted in a § 2255 proceeding. *McKay v. United States*, 657 F.3d 1190, 1192 (11th Cir. 2011); *Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994. A petitioner can avoid this procedural bar by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167 68 (1982); *Mills*, 36 F.3d at 1055.

Malone suggests that his counsel was ineffective for failing to ensure that this issue was presented on appeal. Doc. 1 at 1; Doc. 1-1 at 2; Doc. 11. Although ineffective assistance of counsel may provide cause to excuse a procedural default,[9] Malone fails to

---

[9] "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar," if the ineffective assistance of counsel claim has merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

establish cause and prejudice to excuse his default because, as discussed earlier, his underlying claim is meritless. Because Malone offers nothing to show that the traffic stop was unlawful, he fails to demonstrate that his counsel was ineffective for failing to ensure that this issue was presented on appeal. Malone is entitled to no relief on this claim.

## C. *Rehaif* Claim

In amendments to his § 2255 motion, Malone claims his conviction and sentence should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Docs. 15, 16.

It is unlawful for any person who has been convicted of a felony to possess a firearm. 18 U.S.C. § 922(g)(1). In *Rehaif*, decided on June 21, 2019, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to know both that he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm (i.e., that he knew he has been convicted of a crime punishable by imprisonment for a term greater than one year).[10] 139 S. Ct. at 2200. The Eleventh Circuit has since held that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (emphasis omitted); *see also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019). The Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *Wright*, 942 F.3d at 1065.

---

[10] *Rehaif*'s knowledge-of-status requirement is that the government prove that the defendant knew at the time of the offense that he had previously been convicted of a felony, i.e., a crime punishable by imprisonment for a term greater than one year. *Rehaif*, 139 S. Ct. at 2200.

According to Malone, the government fell afoul of *Rehaif* when it "failed to prove beyond a reasonable doubt one essential element inside of my plea agreement." Doc. 15 at 19. However, Malone's *Rehaif*-based claim is procedurally defaulted because he failed to raise the issue at trial or on direct appeal. Where a substantive claim is not advanced at trial or on direct appeal, it is procedurally barred in a § 2255 proceeding. *See McKay*, 657 F.3d at 1196.

A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error; or (2) actual innocence of the crimes for which he was convicted. *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004). "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available to counsel." *United States v. Bane*, 948 F.3d 1290, 1296–97 (2020) (quotation marks omitted, alteration in original). Unlike claims based on new rules of constitutional law, claims based on purely statutory interpretations are not novel, as "[a]n argument for an interpretation of a statute that is consistent with its ordinary meaning and structure is not something that counsel would not be aware of or that courts would reject out of hand." *Id*. at 1297 (quotation marks and alteration omitted). The Eleventh Circuit has determined that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020), cert. denied, 141 S. Ct. 2827 (2021), and cert. denied sub nom. *Jones v. United States*, 141 S. Ct. 2827 (2021). Because Malone's *Rehaif* claim is not truly novel, "novelty" does not provide cause to excuse his procedural default. *See Davis v. United States*, 2021 WL 4768638, at *5 (M.D.

Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a Rehaif claim is not "truly novel" to provide cause to excuse procedural default).

"Ineffective assistance of counsel may satisfy the cause exception to a procedural bar," if the ineffective assistance of counsel claim has merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). However, Malone's counsel's failure to raise a *Rehaif* claim previously does not constitute cause, because counsel cannot be ineffective for failing to raise a claim based on predictions of how the law may develop. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). *See Dawkins v. United States*, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020), certificate of appealability denied, 2020 WL 8270518 (11th Cir. Dec. 1, 2020) (finding counsel's failure to raise *Rehaif* claim before *Rehaif* was decided was not ineffective assistance providing cause to excuse petitioner's procedural default of claim).

As to the actual innocence exception, a movant must establish that, in light of new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Any claim of factual innocence cannot excuse Malone's procedural default, as he provides no credible evidence of his actual innocence.[11]

---

[11] Malone makes a claim that he is actually innocent, which he predicates on an unsigned order of the district judge, submitted with one of his amendments, purportedly granting his motion to suppress the government's evidence. Docs. 16, 16-1. Malone argues that the alleged suppression of all the government's evidence renders him factually innocent. Doc. 16 at 1–2. But the order Malone refers to here is a proposed order that his counsel filed along with his motion to suppress in September 2016. *See* Crim. Case 3:15cr24-LSC-SRW [Doc. Nos. 123, 123-3]. No order granting Malone's motion to suppress was ever entered, and the magistrate judge recommended that Malone's motion to suppress be denied. The district court ultimately found Malone's suppression motion, and the magistrate judge's recommendation, to be moot after Malone pled guilty and was sentenced. Crim. Case 3:15cr24-LSC-SRW [June 26, 2018 docket entry]. Consequently, Malone fails to present a colorable claim of actual innocence.

For these reasons, then, Malone's *Rehaif* claim is procedurally barred and is subject to no further review.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Malone be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **June 1, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 18th day of May, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge